UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES T. BOWEN, )
)
    Plaintiff, )
)
v. )   No. 3 05 0948
)   JUDGE HAYNES
AFRICAN FEMALE DOCTOR, ET AL., )
)
    Defendants. )

## MEMORANDUM

Plaintiff, James T. Bowen, is a prisoner in the Hill Detention Center in Nashville, Tennessee. Proceeding *in forma pauperis*, Plaintiff brings this *pro se* action under 42 U.S.C. § 1983 against an unnamed "African Female Doctor" and Corrections Corporation of America. The alleged events that gave rise to this action occurred while Plaintiff was incarcerated in the Metro-Davidson County Detention Facility. Plaintiff seeks injunctive relief and money damages, alleging that the defendants violated his rights under the Eighth Amendment.

Plaintiff asserts that he slipped and fell in December 2004 in the shower at the Metro-Davidson County Detention facility, injuring his knee. (Complaint, ¶ IV, p. 5) Plaintiff avers that, after filing five (5) sick call requests and three (3) grievances, he was seen by a female doctor – apparently one of the defendants – who became belligerent, refused to give him crutches a brace or a knee-wrap, and gave him thirty (30) ibuprofen tablets instead. (Complaint, ¶ IV, p. 5) Plaintiff claims that he went back to medical the next week, at which time the female doctor ordered X-Rays. (Complaint, ¶ IV, p. 5) Plaintiff maintains that he never heard anything about the results of the X-Rays, that his knee did not improve over the next five months, and that he received no answer to his subsequent sick call requests. (Complaint, ¶ IV, p. 5)

Plaintiff asserts that he was extradited to Indiana and incarcerated in the Plainfield Correctional Facility, where he received a knee wrap and another X-Ray. (Complaint, ¶ IV, p. 5)

According to the plaintiff, he was released from custody in Indiana on May 4, 2005. (Complaint, ¶ IV, p. 5) Although Plaintiff does not explain how or when, the complaint shows that he is now incarcerated in the Hill Detention Center. (Complaint, ¶ II.A, p. 2)

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."); *Cox v. Mayer*, 332 F.3d 422, 427 (6th Cir. 2003)(exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative, but has since been released from custody).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *Bey v. Johnson and Trierweiler*, 407 f.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule). If a prisoner fails to show that he has exhausted his administrative remedies, his compliant is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show

2

that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999)(*citing Wright*, 111 F.3d at 417 n. 3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

Because Plaintiff has not provided copies of any grievance(s) that he claims to have filed, the burden falls to him to show that he pursued his grievance(s) through one complete round of the administrative process.

In the statement of facts, Plaintiff asserts that he filed three (3) grievances pertaining to the matter presently before the Court. Elsewhere in the complaint, however, Plaintiff states that he did not file any grievances. (Complaint, ¶ II, L, p. 3) This internal inconsistency standing alone is sufficient for the Court to determine that Plaintiff has failed to show that he exhausted his administrative remedies. Additionally, in the statement of facts where Plaintiff asserts that he filed

3

three grievances, Plaintiff does not explain with particularity, or otherwise, the nature of those grievances and their outcome. Thus, even if it were possible to overcome the aforementioned inconsistency, by merely claiming to have filed grievances – without more – Plaintiff still fails to establish that he exhausted his administrative remedies.

As reasoned above, Plaintiff fails to establish that he exhausted his administrative remedies prior to bringing this action in district court. Nor, as previously explained, *supra* at p. 2, does it make any difference that Plaintiff is no longer incarcerated in the Metro-Davidson County Detention Center where his claims arose. Because a "prisoner may not exhaust his administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and because a prisoner is "not entitled to amend his complaint . . . to plead exhaustion of administrative remedies" for the purpose of avoiding *sua sponte* dismissal, *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002)(relying on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), this action will be dismissed without prejudice for failure to exhaust.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge

4

Case 3:05-cv-00948 Document 3 Filed 11/07/05 Page 4 of 4 PageID #: 13