UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES T. BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3 05 0948 |
| v. ) | |
| ) | JUDGE HAYNES |
| AFRICAN FEMALE DOCTOR, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a *pro se* prisoner complaint filed under 42 U.S.C. § 1983. Plaintiff, an inmate at the Hill Detention Center in Nashville, Tennessee, also has submitted an application to proceed *in forma pauperis*.

From a review of his application to proceed *in forma pauperis*, it appears that Plaintiff lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Plaintiff is herewith assessed the civil filing fee of two hundred fifty dollars ($250.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income, or income credited to Plaintiff's inmate trust account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the filing fee of

two hundred fifty dollars ($250.00) has been paid to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

As provided in the Memorandum entered contemporaneously herewith, Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust his administrative remedies. 42 U.S.C. § 1997e(a); see *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003); *Wyatt v. Leonard*, 193 F.3d 876, 878-79 (6th Cir. 1999); *Bey v. Johnson and Trierweiler*, 407 F.3d 801, 806 (6th Cir. 2005). Since an appeal from the judgment rendered herein would not be taken in good faith, the plaintiff is NOT certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of two hundred fifty-five dollars ($255.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Clerk is instructed to forward a copy of this Order to the Sheriff of Davidson County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act pertaining to the payment of filing fees.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

**ENTERED** this the 3rd day of November, 2005.

William J. Haynes, Jr.
United States District Judge